JACK D. LAWRY, DBA JACK D. LAWRY & ASSO-
CIATES, APPELLANT, *v.* W. E. DEVINE, RESPOND-
ENT.

No. 4973

February 8, 1966                    410 P.2d 761

*Carl F. Martillaro,* of Carson City, for Appellant.

*Paul A. Richards* and *Chauncey G. Griswold,* of Reno,
for Respondent.

## OPINION

By the Court, ZENOFF, D. J.:

This suit was instituted by Lawry, a real estate broker, to recover a commission from Devine, the owner of certain real property in Ormsby County.

On January 17, 1963, Lawry contacted Devine for the purpose of securing information concerning the property as he had a prospective buyer. Devine had his wife type on his office stationery the following:

"TO WHOM IT MAY CONCERN

As follows is the selling price, and other information as to the property located on Highway 395 S. of Carson City, Nevada.

$42,000 Selling Price: This selling price is over and above real estate commissions, or any other selling charges.

$10,000 down payment: 6% Interest on unpaid balance annual:

The taxes on the property run approximately $114.07 per year.

The insurance for coverage amounting to $10,000.00 is $298.70 per year."

Devine's name was typewritten under this. Printed in ink at the end of the memorandum was the phrase, "$200.00 month."

Lawry related this information to his prospective buyer, Bunkowski, who signed an offer and acceptance form and gave Lawry a check for $1,000.00 as a deposit.

Devine did not see or sign the offer and acceptance

agreement nor did either of the parties sign the escrow agreement which Lawry had prepared reciting a down payment of $1,000.00 and a first trust deed for $36,000.

Instead, a meeting was called to negotiate the sale of Devine's property. Apparently, Devine had forgotten the balance on an existing encumbrance and informed Lawry of the amount at this meeting. The record reflects disagreement as to whether Bunkowski was or was not willing to proceed with the sale when he learned of the $21,000 first deed of trust. Devine testified that Lawry informed him that Bunkowski would not assume this encumbrance. Devine and Bunkowski never met prior to trial. No agreement was reached and the property was subsequently leased by Devine to a third party with an option to buy.

Lawry contends that, as agent for Devine, he produced a buyer ready, willing, and able to buy on the terms set out by Devine and thus is entitled to his broker's commission.

The trial court, as trier of the facts, resolved the conflict in testimony in favor of Devine finding that there was no meeting of the minds of the parties concerning the sale of the property as the terms were incomplete. Therefore, the court held that Lawry was not entitled to a commission.

1. We reach the same result but on different grounds. It is well established that the factual findings of the trial court will be sustained at the appellate level if there is any substantial evidence in the record supporting them. Friendly v. Larsen, 62 Nev. 135, 144 P.2d 747 (1944); Close v. Redelius, 67 Nev. 158, 215 P.2d 659 (1950). We are compelled by the record to accept the trial court's determination as to what transpired in the negotiations for the sale of this property.

[Headnote 3]

2. However, we fail to find that a listing agreement was ever established between the seller, Devine, and the broker, Lawry. The fact that a broker approaches an owner of real estate and requests the terms at which he is willing to sell his property is not sufficient in and

of itself to show a contract of employment by the owner of the property so as to bind him legally to pay a commission to the broker when he produces a prospective buyer. Smith v. Lewis, 291 P.2d 804 (Wyo. 1955) ; M. L. Bass v. American Railway Express Co., 126 S.E. 112 (N.C. 1925) ; Forney v. La Susa, 132 N.E.2d 55 (Ill. 1956) ; 43 A.L.R. 839.

The naked act of an owner of real property giving a broker, upon request, a letter containing some of the terms upon which he will sell his property, does not constitute an employment of the broker thereby entitling him to recover a commission for securing a buyer. Herring v. Fisher, 242 P.2d 963 (Cal. 1952). Each case must stand on its own facts. An open request to find buyers as in Bartsas Realty, Inc. v. Leverton, 82 Nev. 6, 409 P.2d 627 (1966), is distinguishable from the mere expression of a willingness to place property for sale at the request of the broker. For instance, if the transaction here had been consummated within the terms of the memorandum such would have been evidentiary of the owner's intent that the memorandum be construed as a listing with the agent. See Stein v. James, 329 F.2d 459 (Okla. 1964).

The owner, by the act of relating to the broker the terms for the sale of his property, is not thereby irrevocably bound, having entered an employment agreement. To hold otherwise would place the owner of real property in a position of tight-lipped restraint. He would run a severe risk in just discussing the disposition of his property with a broker. It is clear from the facts of this case that the letter stating terms for the sale of Devine's property was not a listing agreement and, therefore, did not bind Devine for the broker's commission sought by appellant.

Therefore, we affirm the holding of the lower court.

THOMPSON and BADT, JJ., concur.