## Douglas Littlefield v. Patrick and Louise Lamphere

[422 A.2d 929]

No. 253-79

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed October 1, 1980

*W. Owen Jenkins* of *Doremus & Congleton,* Essex Junction, for Plaintiff.

*Niquette, Niquette & Associates,* Winooski, for Defendant.

Barney, C.J. This is a suit for a real estate broker's commission. According to the facts the plaintiff procured the buyer, but failed to have the listing agreement signed by the seller's wife, Louise Lamphere, a defendant here. The property was jointly owned by the defendants. The lower court dismissed the complaint on the ground that the listing agreement was signed only by defendant husband. It also dismissed the complaint against the defendant wife and the claim based on fraud. The plaintiff argues that these rulings should be overturned.

The plaintiff's justification for including the defendant Louise Lamphere was argued in his brief as being based on her remaining silent when she had a duty to speak. The complaint makes it obvious that the wife is not charged with any actions, words or behavior generating liability. She was not a party to any contract or agreement, and did nothing to indicate either participation or consent. More to the point, the predicament of the plaintiff came into being because the plaintiff made no approach to or inquiry of the wife.

Nothing has been evidenced that raised at law a duty in Louise Lamphere to speak. The lower court correctly determined that no basis for a cause of action against her had been shown, and her dismissal from the action was proper.

The trial court found against the plaintiff on the claim of fraud raised against the defendant Patrick Lamphere, the husband. Although the evidence in favor of the plaintiff's position is, at best, weak, it may be sufficient to raise a conflict. It certainly is not enough to do more than leave the issue for the determination of the trier of fact. In effect, the plaintiff claims a representation to him by the husband of his authority to act for himself and his wife. The defendants' witnesses all negate that. It was for the trial court to say what, in such circumstances, the fact of the matter was, and, in the presence of conflicting evidence, the finding of no fraud is not to be reversed here.

Critical to affirmance of the dismissal of the action against the defendant husband is the appropriateness of

the lower court's reliance on certain language in *Currier* v. *Letourneau,* 135 Vt. 196, 373 A.2d 521 (1977). That case states: "The law on this question is unequivocal; a duly executed listing agreement is the sole vehicle upon which a broker can predicate recovery of any commission he alleges is owed him." *Id.* at 200, 373 A.2d at 525.

The source of this holding is Rule 16(2) of the rules of the Vermont Real Estate Commission. *Green Mountain Realty, Inc.* v. *Fish,* 133 Vt. 296, 299, 336 A.2d 187, 189–90 (1975), holds that the listing agreement is the only legitimate evidence of a contract entitling a broker to receive a commission.

This case is not the same as the *Currier* case, and the holding in that case should be limited to its facts. In *Currier,* no sale took place, and the listing agreement violated a prohibition found in Rule 16(2), in that it called for a commission stated in dollars rather than in the required percentage figures.

In the case before us, the listed property was, in fact, sold to a buyer procured by the real estate agent. The seller tendered to the broker something he denominated a finders fee, but the amount was less than the listed commission. The broker refused the tender.

■ The property, though jointly owned, was not the homestead premises of the owners. It was a speculative building constructed by the defendant Patrick Lamphere, a builder, on land acquired from his father. The plaintiff had already listed the defendant Lampheres' own residence for sale, and defendants both had signed the listing agreement. With respect to this speculative property the defendant Patrick Lamphere had signed the listing expressly warranting that he was the owner of record of the property.

Thus, on its face, the listing agreement is complete and proper in form. By its terms it binds Patrick Lamphere to pay a commission on the sale of the listed property. Under the circumstances Patrick Lamphere is bound to the contract, and the directed verdict as to Patrick Lamphere was error. The fact that Louise Lamphere did not join in that agreement justifies discharging her from the litigation, but does not avoid the contract as to Patrick. Having contracted for

80

the services, held himself out as the owner, and had the benefit of the sale, it does not lie in his mouth to repudiate his undertaking by now asserting his wife's joint ownership as a bar to payment.

The cause should be fully heard and judgment rendered in the light of the views expressed herein.

*Reversed and remanded.*