SUMMA CORPORATION a Delaware Corporation, Appellant and Cross-Respondent, *v.* THE DeSURE CORPORATION, a Nevada Corporation, Respondent and Cross-Appellant.

No. 16207

March 31, 1987                                    734 P.2d 715

[Rehearing denied June 25, 1987]

*Lionel Sawyer & Collins,* and *David N. Frederick,* and *Andrew S. Brignone,* Las Vegas, for Appellant and Cross-Respondent.

*Rudiak & Larsen,* Las Vegas, for Respondent and Cross-Appellant.

---

# OPINION

*Per Curiam:*

This action arises from a real estate broker's claim for compensation. Respondent and cross-appellant DeSure Corporation sued appellant and cross-respondent Summa Corporation on the theories of express contract, implied contract, quantum meruit and abuse of process. The district court granted summary judgment for Summa Corporation on contract claims and for DeSure Corporation on the issue of quantum meruit liability. The jury awarded DeSure Corporation $375,000.00 on its quantum meruit claim, but rejected its abuse of process claim. The trial court entered judgment for this amount, plus costs and $279,370.04 in prejudgment interest. Both parties appeal.

DeSure Corporation (DeSure) introduced Lou Tickel, the Landmark Hotel's purchaser, to Summa Corporation (Summa), the seller. From the outset, Summa informed DeSure it did not give listings or pay real estate commissions. It was possible, however, to structure a commission term into the buyer's offer. In accepting such an offer, Summa would be required to pay the commission as a term of its contract with the buyer. Accordingly, DeSure prepared and submitted four such offers on Tickel's behalf. None of these offers were accepted and Tickel lost interest.

Summa later conditionally accepted an offer for the Landmark Hotel from the Scott Corporation. The Scott Agreement was subject to approval by the special administrators of Howard Hughes' estate which owned Summa's stock. William Lummis,

one of the co-administrators, was also Summa's president, chief executive officer and chairman of the board. Lummis decided to petition the probate court for instructions and had it issue an order setting forth a procedure for receiving other offers before hearing on the petition. The order required that other offers be on essentially the same terms as the Scott offer.

Summa sent copies of the order and petition to parties who had previously expressed an interest in purchasing the Landmark Hotel. Tickel received packets from Summa and DeSure and decided to submit an offer. Summa's counsel informed DeSure it could not structure a commission provision into Tickel's offer because the Scott offer contained no such provision. Consequently, DeSure submitted for Tickel an offer which did not require Summa to pay the real estate commission. DeSure, then, sent Summa telegrams advising it DeSure expected 3 percent commission.

The probate court rejected the Scott Agreement. Although Tickel had submitted the highest offer, Summa initially preferred to negotiate with the Tokyu Group which had raised its offer. Summa only negotiated with Tickel after failing to sell the Landmark Hotel to the Tokyu Group. Summa and Tickel signed an agreement which included the representation neither party had an agreement to pay a broker.

## EXPRESS OR IMPLIED CONTRACT

The district court granted Summa summary judgment on DeSure's contract claims finding no express or implied contract between the parties.

Rule 56 authorizes summary judgment where no genuine issue remains for trial. Short v. Hotel Riviera, Inc., 79 Nev. 94, 103, 378 P.2d 979 (1963). In evaluating the propriety of a summary judgment all evidence favorable to the party against whom summary judgment is rendered will be accepted as true. *Id.*

We are unable to find any facts in the record from which it could be inferred that Summa actually agreed to pay DeSure a commission. Summa expressly informed DeSure it did not give listings to real estate agents. Summa told DeSure it would not pay commissions unless required to by the terms of its agreement with the buyer. While it is true Summa supplied DeSure with appraisal and financial information about the Landmark Hotel, the act of giving a broker information does not create an employment contract entitling the broker to a commission. Lawry v. Devine, 82 Nev. 65, 68, 410 P.2d 761 (1966).

Accordingly, we conclude DeSure's appeal is without merit.

## QUANTUM MERUIT

Before a real estate agent is entitled to a commission, an employment contract must be shown. Shell Oil Co. v. Hoppe, 91 Nev. 576, 580, 540 P.2d 107 (1975); Lawry v. Devine, supra, 82 Nev. 65, 68. Despite its finding there was no contract between Summa and DeSure, the district court found Summa was liable on a quantum meruit theory as a matter of law. The lower court found Summa would be unjustly enriched if not required to pay DeSure because Summa knew DeSure expected a commission, because Summa's action before the probate court precluded DeSure from structuring commission into Tickel's offer, and because Summa received a benefit from the sale.

We conclude these circumstances are insufficient to give rise to quantum meruit liability absent any showing of fraud or collusion.

We have previously recognized a seller's liability to a broker is defined by the terms of the listing agreement. Redfield v. Estate of Redfield, 101 Nev. 24, 27, 692 P.2d 1294 (1985); Ivanhoe v. Strout Realty, 90 Nev. 380, 528 P.2d 700 (1974). Here, the seller avoided any contractual obligation to the broker by unequivocally refusing to enter into any listing agreement. Summa only informed DeSure it would pay commission if its contract with the buyer required it to do so. We decline to state that a seller that has so clearly announced its intention not to contract with a broker may be liable under a quantum meruit theory. To hold otherwise would place property owners at a great risk in discussing the disposition of property with any broker. A seller that studiously refuses to grant a broker a listing would become liable for a fee only determinable by a jury in a quantum meruit action.

Quantum meruit recovery has been allowed where the buyer and seller act in bad faith to deprive the broker of his commission. Close v. Redelius, 67 Nev. 158, 215 P.2d 659 (1950). However, the principle has no application in this case. There is no evidence in the record of any collusion between the buyer and the seller. DeSure contends Summa improperly invoked the processes of the probate court to have an order issued that deprived it of the opportunity to structure a commission provision into Tickel's offer. The jury, by rejecting DeSure's abuse of process claim, determined the issue.

As we conclude DeSure is not entitled to compensation under a quantum meruit theory, we need not address Summa's remaining contentions. Accordingly, we reverse the judgment of the district court.