**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STUART TWITCHELL,

          Plaintiff - Appellant,

  v.

WENDY PARIS; TESTAMENTARY
TRUST, established for the benefit of
Bertrand Michael Paris, Bridget Paris and
Bernadette Marie Paris,

          Defendants - Appellees.

No. 08-15849

D.C. No. 2:06-CV-00283-KJD-
GWF

MEMORANDUM *

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted October 7, 2009
San Francisco, California

Before: HUG and PAEZ, Circuit Judges, and RESTANI,** Judge.

    Plaintiff Stuart Twitchell appeals the district court's judgment after a bench

trial in favor of Defendants Wendy Paris et al. on Twitchell's claims to recover a

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **     The Honorable Jane A. Restani, Chief Judge of the United States
Court of International Trade, sitting by designation.

real estate commission under breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment theories and on Defendants' counterclaims for a declaration that two clauses of the contract were unconscionable and for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, constructive fraud, and negligence per se/violation of statutes and administrative regulations. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's judgment on Twitchell's claims but reverse the judgment on the counterclaims.

The district court found that Twitchell was not the procuring cause of the sale because he abandoned efforts by failing to become involved in the sale negotiations, to contact the buyers for about two years before the sale, or actively to pursue other potential buyers. This is a finding of ultimate fact, and it is not clearly erroneous. See Atwell v. Sw. Sec., 820 P.2d 766, 770 (Nev. 1991) (per curiam). Twitchell therefore could not recover a commission under the contract or under an unjust enrichment theory. See Carrigan v. Ryan, 858 P.2d 29, 30–32 (Nev. 1993) (per curiam); Atwell, 820 P.2d at 769–70. Further, because Twitchell abandoned efforts, Paris did not breach the covenant of good faith and fair dealing when she failed to notify Twitchell of the sale negotiations. See Bartsas Realty, Inc. v. Leverton, 409 P.2d 627, 630 (Nev. 1966). Accordingly, we affirm the

2

district court's conclusion that Twitchell was not entitled to a commission from Defendants under any theory.

The district court, however, erred when it declared two clauses in the contract—the ten-percent commission rate and the eighteen-month listing period with a nine-month grace period—unenforceable because they were unconscionable. The clauses were not procedurally unconscionable, as there is no evidence that Paris was denied a meaningful opportunity to negotiate the terms or that Twitchell had superior bargaining power, and the terms were readily ascertainable. See D.R. Horton, Inc. v. Green, 96 P.3d 1159, 1162 (Nev. 2004) (per curiam). The contract's terms were not so one-sided as to render the clauses substantively unconscionable, as the contract imposed significant obligations on Twitchell and provided protections for the nonexclusive listing. See id. at 1162–63. We therefore reverse the district court's declaratory judgment under Nev. Rev. Stat. § 30.040 that the clauses were unenforceable.

We lack jurisdiction to review the district court's conclusion that Paris is entitled to fees under Nev. Rev. Stat. § 30.120 where the district court has not yet determined the amount of the fee award. See Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 617 (9th Cir. 1993). Because the district court erred in granting judgment for Paris under Nev. Rev. Stat. § 30.040, however, there is no longer a

3

basis for the fee award.  <u>See</u> Nev. Rev. Stat. § 30.120

Finally, because Defendants obtained complete relief by defeating Twitchell's claims, their counterclaims seeking rescission of the contract were moot.  We therefore reverse the district court's judgment in favor of Defendants on those counterclaims as well.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART AND REVERSED IN PART.**