An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

## IN THE SUPREME COURT OF THE STATE OF NEVADA

NETWORK REALTY, INC., A NEVADA
CORPORATION; EDWARD D. LORD;
AND ANNA D. LORD,
Appellants,
vs.
BRENT THOMPSON; JILL
THOMPSON; ERIC CARLSON; TAMMY
CARLSON; COLLIERS
INTERNATIONAL, A BUSINESS TYPE
UNKNOWN; COLLIERS NEVADA,
LLC; COLLIERS NEVADA
MANAGEMENT, LLC; CHAD E.
GULDIN; AND AARON W. SOMER,
Respondents.

No. 61145



FILED

SEP 2 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

NETWORK REALTY, INC., A NEVADA
CORPORATION; EDWARD D. LORD;
AND ANNA D. LORD,
Appellants,
vs.
BRENT THOMPSON; JILL
THOMPSON; ERIC CARLSON; TAMMY
CARLSON; COLLIERS
INTERNATIONAL, A BUSINESS TYPE
UNKNOWN; COLLIERS NEVADA,
LLC; COLLIERS NEVADA
MANAGEMENT, LLC; CHAD E.
GULDIN; AND AARON W. SOMER,
Respondents.

No. 61950

### ORDER OF AFFIRMANCE

These are consolidated appeals from a district court judgment in a breach of contract and tort action and from a post-judgment order awarding attorney fees. Second Judicial District Court, Washoe County; James A. Brennan, Judge.

 
13-28044

Appellants are real estate brokers and agents who allegedly entered into a one-year exclusive listing agreement on September 1, 2006, with respondents Brent and Jill Thompson to list a commercial property. The Thompsons owned 50 percent of the property, and respondents Eric and Tammy Carlson owned the other 50 percent. After the exclusive listing agreement expired, appellants procured Environmental Management of NV, Inc. (EMI), as a buyer. The Thompsons and EMI signed a purchase and sale agreement, but the deal fell through. Shortly thereafter, EMI contacted the Thompsons regarding purchasing the property, and the Thompsons expressly terminated appellants' services, entered into a new contract with EMI, using respondents Colliers International; Colliers Nevada, LLC; Colliers Nevada Management, LLC; Chad G. Guldin; and Aaron W. Somer (collectively Colliers) as an agent, and sold the property to EMI. Appellants initiated the underlying litigation, arguing that they were entitled to a commission.

Although the district court found that the exclusive listing agreement was void ab initio, this finding is not supported by the evidence. *See* NRS 645.009 (defining "client" as "a person who has entered into a brokerage agreement with a broker"); NRS 645.320 (specifying a signature by a "client"); NRS 645.8735 (defining "owner" as "a person who holds legal title to or any interest in any commercial real estate"); *cf. Haas v. Cohen*, 295 N.E.2d 28, 31 (Ill. App. Ct. 1973) (holding that a partial owner a property is liable to a broker for commissions arising from a listing agreement signed only by the partial owner); *Rodgers v. Baughman*, 342 N.W.2d 801, 806 (Iowa 1983) (interpreting Iowa rules similar to Nevada statues and holding that a listing agreement is valid when signed by a partial owner of the property); *Littlefield v. Lamphere*,

422 A.2d 929, 931 (Vt. 1980) (holding that a listing agreement signed by a husband but not his wife was valid but only bound the husband). Nevertheless, the exclusive listing agreement expired on September 1, 2007, and while appellants attempted to extend the agreement, the extension did not comply with NRS 645.320(2), which requires a definite termination date, and it was therefore unenforceable. *Bangle v. Holland Realty Inv. Co.*, 80 Nev. 331, 334-35, 393 P.2d 138, 140 (1964). As to the EMI purchase and sale agreements, the district court found no evidence of fraud in the exclusion of appellants from the second transaction, and substantial evidence supports its findings. *NOLM, LLC v. Cnty. of Clark*, 120 Nev. 736, 739, 100 P.3d 658, 660-61 (2004). Accordingly, appellants cannot recover a commission under a breach of contract claim against the Thompsons, because the exclusive listing agreement and the first EMI agreement had expired, or against the Carlsons, because substantial evidence supports the district court's conclusion that they did not sign and were not parties to any of the agreements with appellants. *Id.*

Appellants alternatively argue that they should be able to recover a commission under *quantum meruit* as the procuring cause of the sale to EMI. But because appellants claimed an exclusive agency to sell and the extension form did not meet the requirements of NRS 645.320, appellants cannot recover from the Thompsons under *quantum meruit*. *Bangle*, 80 Nev. at 336, 393 P.2d at 140-41. Similarly, appellants cannot recover under *quantum meruit* from the Carlsons because they did not have a contract with the Carlsons. *Carrigan v. Ryan*, 109 Nev. 797, 801, 858 P.2d 29, 32 (1993) (holding that a procuring agent must have a contract to recover a commission).

Appellants also argue that Colliers tortiously interfered with the exclusive listing agreement. Having reviewed the parties' arguments and appendices, we conclude that substantial evidence supports the district court's findings and conclusions that Colliers did not tortiously interfere with appellants' contract. *See J.J. Indus., LLC v. Bennett*, 119 Nev. 269, 274, 71 P.3d 1264, 1267 (2003).

Appellants have also appealed the district court's award of attorney fees. Appellants, however, have failed to include in their appendices any district court briefing regarding attorney fees. In the absence of those documents, "we have no way to meaningfully review the district court's order for error, [and must] necessarily presume that the missing [material] supports the district court's decision." *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 604, 172 P.3d 131, 135 (2007).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____

[1]We have considered appellants' other arguments and conclude that they lack merit. Colliers' request for attorney fees and costs is denied.

cc: Chief Judge, The Second Judicial District Court
Hon. James A. Brennan, Senior Judge
Stephens Knight & Edwards
Gunderson Law Firm
Brent Thompson
O'Mara Law Firm, P.C.
Jill Thompson
Washoe District Court Clerk