IN THE SUPREME COURT OF THE STATE OF NEVADA

BETTY CHAN; AND ASIAN
AMERICAN REALTY & PROPERTY
MANAGEMENT,
Appellants/Cross-Respondents,
vs.
WAYNE WU; JUDITH SULLIVAN;
NEVADA REAL ESTATE CORP.; AND
JERRIN CHIU,
Respondents/Cross-Appellants.

No. 82208

FILED

SEP 15 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal and cross-appeal from a judgment, certified as final under NRCP 54(b), in an action to vacate an arbitration award. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.[1]

Betty Chan and Wayne Wu both claimed to be entitled to a roughly $14,000 real estate commission.[2] They submitted the dispute to an arbitration panel of the Greater Las Vegas Association of Realtors (GLVAR). Following a hearing, the panel awarded Wu 75 percent of the commission and Chan the remaining 25 percent.

Chan then moved in district court to vacate the panel's award.[3] On September 18, 2018, the district court entered an order denying Chan's motion and instead confirming the panel's award.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]Hereafter, we refer to appellants/cross-respondents collectively as "Chan" and respondents/cross-appellants collectively as "Wu."

[3]Chan had previously filed a complaint in district court, and Wu filed a counterclaim for abuse of process. The litigation was stayed pending

22-28942

Wu then sought attorney fees based on a provision in the Agreement to Arbitrate to which both Wu and Chan were bound. On March 22, 2019, the district court entered an order awarding Wu roughly $21,000 in attorney fees. Chan attempted to appeal that order, but this court dismissed the appeal as jurisdictionally defective. *See Chan v. Wu*, Docket No. 78666, 2020 WL 2510925 (Nev. May 14, 2020) (Order Dismissing Appeal).

On November 23, 2020, the district court entered an order that (1) awarded Wu roughly an additional $36,000 in attorney fees that he had incurred with respect to the previously dismissed appeal, and (2) granted summary judgment for Chan on Wu's abuse-of-process counterclaim. The district court also certified that order as final under NRCP 54(b). Chan has appealed, challenging the September 2018 order confirming the arbitration panel's award, as well as the two orders awarding attorney fees. Wu has cross-appealed, challenging the November 2020 order insofar as it granted summary judgment for Chan on the abuse-of-process counterclaim.

*Appeal*

Chan first contends that the district court erred in confirming the arbitration award. *Cf. Washoe Cty. Sch. Dist. v. White*, 133 Nev. 301, 303, 396 P.3d 834, 838 (2017) ("This court reviews a district court's decision to vacate or confirm an arbitration award de novo."). In particular, she contends that the arbitration panel's award both (1) manifestly disregarded the law and (2) was arbitrary and capricious. *See id.* at 306, 396 P.3d at 839 ("There are two common-law grounds recognized in Nevada under which a court may review private binding arbitration awards: (1) whether

---

resolution of the arbitration but was ultimately renewed by Chan after the arbitration panel's decision.

the award is arbitrary, capricious, or unsupported by the agreement; and (2) whether the arbitrator manifestly disregarded the law.").[4]

For support, Chan contends that the "procuring cause doctrine" prohibits the splitting of a real estate commission. This court has resolved numerous issues implicating the procuring cause doctrine and, as Chan observes, all those decisions appear to have presupposed that there can be only one procuring cause. *See, e.g., Carrigan v. Ryan,* 109 Nev. 797, 801-02, 858 P.2d 29, 32 (1993) ("To be the procuring cause of a sale, a broker must 'set in motion a chain of events which, without break in their continuity, cause the buyer and seller to come to terms as the proximate result of his or her peculiar activities.'" (quoting *Binder v. Levy Realty Co.,* 106 Nev. 221, 225, 790 P.2d 497, 500 (1990))); *Atwell v. Sw. Secs.,* 107 Nev. 820, 825, 820 P.2d 766, 769 (1991) ("To be entitled to a broker's commission, [the broker] must . . . show that he was the procuring cause of the sale."); *Bartsas Realty, Inc. v. Leverton,* 82 Nev. 6, 9, 409 P.2d 627, 629 (1966) ("Faced with competing brokers, a court must decide which was the 'procuring' or 'inducing' cause of the sale. That broker is entitled to a commission, irrespective of who makes the actual sale or terms thereof." (internal citations omitted)). However, Chan has not identified a case in which this court has addressed the specific issue of whether there can be more than one procuring cause, much less a case in which this court has held that there

---

[4]Chan also contends that, under NRS 38.241(1)(d), the arbitration panel exceeded its powers. We disagree, as the panel undisputedly had the authority under the Agreement to Arbitrate to determine how the commission should be distributed. *See White,* 133 Nev. at 304, 396 P.3d at 838 ("[T]he question is whether the arbitrator had the authority under the agreement to decide an issue, not whether the issue was correctly decided." (internal quotation marks omitted)).

cannot be more than one procuring cause.[5]  Accordingly, we are not persuaded that the arbitration panel's decision to split the commission was a manifest disregard of the law. *See WPH Architecture, Inc. v. Vegas VP, LP*, 131 Nev. 884, 890, 360 P.3d 1145, 1149 (2015) ("In determining whether an arbitrator has manifestly disregarded the law, the issue is not whether the arbitrator correctly interpreted the law, but whether the arbitrator, knowing the law and recognizing that the law required a particular result, simply disregarded the law." (internal quotations omitted)).  Relatedly, we are not persuaded that the panel's decision to split the commission 75/25 percent was arbitrary or capricious, as the panel may have concluded that Wu was 75 percent responsible for consummating the transaction and Chan was 25 percent responsible for consummating the transaction.[6]  *See White*, 133 Nev. at 308, 396 P.3d at 841 ("The arbitrary-and-capricious standard does not permit a reviewing court to vacate an arbitrator's award *based on a misinterpretation of the law*.  Instead, a court's review of the arbitrary and capricious standard is limited to whether the arbitrator's findings are supported by substantial evidence in the record." (internal alterations, citation, and quotation marks omitted)).  Accordingly, we affirm the district court's September 2018 order confirming the panel's arbitration award.

Chan next contends that the district court erroneously awarded attorney fees by misconstruing the Agreement to Arbitrate.  *Cf.*

---

[5]Nor do we intend to make such a holding in this case.  *Cf.* NRAP 36(c)(2) ("An unpublished disposition . . . does not establish mandatory precedent . . . .").

[6]In this, we note that the transcript of the arbitration hearing is not in the record.  We recognize that Chan requested it from GLVAR and that her requests were denied.  Relatedly, Chan's August 27, 2022, motion is granted.

*Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90, 127 P.3d 1057, 1063 (2006) ("[W]hen the attorney fees matter implicates questions of law, the proper review is de novo."); *In re Amerco Derivative Litig.*, 127 Nev. 196, 211, 252 P.3d 681, 693 (2011) ("We apply de novo review to contract interpretation issues."). As relevant here, the Agreement to Arbitrate provides:

> In the event I do not comply with the award and it is necessary for any party to obtain judicial confirmation and enforcement of the award against me, I agree to pay that party costs and reasonable attorney's fees incurred in obtaining such confirmation and enforcement.

Chan contends that she *did* comply with the award but simply challenged it, in that the $14,000 commission was never in her possession and she therefore did not wrongfully retain any of the commission. Chan also contends that it was not necessary for Wu to "obtain judicial confirmation and enforcement of the award" because Wu did not formally file a motion to confirm the award and because Wu requested that the district court award him the full commission.

We disagree with both arguments. First, we are not persuaded that Chan could have simultaneously "compl[ied]" with the award while challenging its validity in district court. *See Comply, Black's Law Dictionary* (11th ed. 2019) (defining "comply" as "[t]o do what is required or requested; to conform, submit, or adapt to (a command demand, requirement, etc.)"). Chan's second argument is likewise unavailing because although Wu did not formally file a motion to confirm the award, he was forced to oppose Chan's motion to vacate the award, and he did so by expressly stating "[t]he Award must be confirmed." To the extent that Wu asked the district court to award him the full commission, such requests were made either as an alternative to confirming the award or were made

*before* the arbitration took place. Accordingly, we agree with the district court that Wu was entitled to attorney fees under the Agreement to Arbitrate. We therefore affirm the district court's March 2019 and November 2020 orders insofar as they awarded Wu attorney fees.[7]

With respect to the November 2020 order, Chan also argues that this court summarily denied a request for attorney fees in the previous appeal that we dismissed for lack of jurisdiction, and that the law-of-the-case doctrine prohibited the district court from awarding attorney fees that Wu incurred with respect to that appeal. We are not persuaded that the law-of-the-case doctrine is applicable, as our previous denial of attorney fees contained no discussion of the merits of Wu's request and was not intended to preclude the district court from awarding those same fees. *See Recontrust Co. v. Zhang*, 130 Nev. 1, 8, 317 P.3d 814, 818 (2014) ("Normally, for the law-of-the-case doctrine to apply, the appellate court must actually address and decide the issue explicitly or by necessary implication." (internal quotation marks omitted)); *see also Liu v. Christopher Homes, LLC*, 130 Nev. 147, 151, 321 P.3d 875, 877 (2014) (reviewing de novo the interpretation of this court's previous dispositions). Accordingly, the district court was not precluded from awarding the November 2020 fees. Consistent with the foregoing, we affirm the orders that Chan challenges on appeal.

---

[7]Chan contends that the district court improperly awarded attorney fees to respondent/cross-appellant Jerrin Chiu because he was not a party to the arbitration. However, Chan has not identified any portion of counsel's billing records that was devoted solely to Chiu, so there is no basis for reversing any portion of the awards with respect to that contention.

*Cross-appeal*

The district court granted summary judgment for Chan on Wu's abuse-of-process counterclaim. In doing so, the district court reasoned that Chan "had a right to file the civil Complaint." Wu contends that despite Chan's right to file her complaint, he produced evidence that, when viewed in the light most favorable to him, creates questions of material fact as to the viability of his abuse-of-process claim. *Cf. Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) ("[W]hen reviewing a motion for summary judgment, the evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party.").

"[T]he elements of an abuse of process claim are: (1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia v. Redisi*, 118 Nev. 27, 30, 38 P.3d 877, 879 (2002). While we agree with Wu that it is reasonable to infer an ulterior motive from Chan's February 5, 2016, email, we are not persuaded that Wu has introduced evidence sufficient to create a question of material fact as to the second element. In support of that element, Wu relies on (1) Chan having filed the complaint before initiating arbitration in order to allegedly gain an advantage in arbitration; (2) Chan failing to pursue her claims or seek discovery against KB Homes, which is not a party to this appeal; and (3) Chan filing the previous appeal that was dismissed as jurisdictionally defective. With respect to Wu's first piece of evidence, it is unclear what advantage Chan was seeking, as Wu filed his own abuse-of-process counterclaim before he moved to dismiss Chan's complaint pending arbitration, which seemingly negates any impropriety that could be inferred from Chan's action. With respect to Wu's second piece of evidence, although

it is troubling that Chan did not seek to procure the purported registration card from KB Homes, we do not believe that this necessarily amounts to a "willful act in the use of the legal process not proper in the regular conduct of the proceeding." *Id.* With respect to Wu's third piece of evidence, although Wu characterizes the appeal as "frivolous" and this court ultimately dismissed it as jurisdictionally defective, Chan had reasonable grounds to believe that at least one of the orders challenged in that appeal was substantively and timely appealable. Consequently, we are not persuaded that Wu produced evidence sufficient to create a question of material fact as to the second element of his abuse-of-process counterclaim. We therefore affirm the district court's summary judgment as to that counterclaim. Consistent with the foregoing, we

ORDER the judgments of the district court AFFIRMED.[8]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Cadish                        Gibbons

cc:   Hon. Eric Johnson, District Judge
      Frizell Law Firm, PLLC
      Blackrock Legal, LLC
      Eighth District Court Clerk

---

[8]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.